NOT FOR PUBLICATION                           [Docket Nos. 20 & 21]

**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| OPERATIVE PLASTERERS & CEMENT MASONS INTERNATIONAL ASSOCIATION LOCAL 8, et al., Plaintiffs, v. AGJ CONSTRUCTION, LLC, et al., Defendants. | Civil No. 08-6163 (RMB) **OPINION** |

Appearances:

Charles Thomas Joyce
Spear Wilderman
1040 North Kings Highway, Suite 202
Cherry Hill, NJ 08034

    Attorney for Plaintiffs

Albert A. Ciardi, III
Jennifer E. Cranston
Kevin Gordon McDonald
Ciardi Ciardi & Austin, P.C.
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA 19103

    Attorneys for Defendants.

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon a motion to dismiss by defendants, AGJ Construction LLC; CTL Associates, LLC; AGJ Leasing, LLC; Architectural Foam Fabricators, LLC; Lifetime

1

Stucco, LLC; JAG Restoration and Construction, LLC; Joseph LaMaina; Eugene Taylor; and Alexander Cisco (collectively, the "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs, Operative Plasterers & Cement Masons International Association Local No. 8; Plasterers Local 8 Health and Welfare Fund; Plasterers Local 8 Pension Fund; Plasterers Local 8 Annuity Fund; Plasterers Local 8 Industry Fund; Plasterers Local 8 Joint Apprenticeship Fund; and Thomas Kilkenny, Trustee, Plasterers Local 8 Benefits Funds (collectively, the "Plaintiffs"), brought this suit pursuant to section 301 of the Labor Management Relations Act of 1947 ("LMRA"), and sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA").[1]  Plaintiffs seek to recover on a judgment entered against AGJ Construction in the United States District Court for the Eastern District of Pennsylvania by establishing the liability of all Defendants in this action.  Defendants now move to dismiss Plaintiffs' complaint on the grounds that Plaintiffs have failed to allege

---

[1] Section 301 of the LMRA states, in relevant part, "suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties."  29 U.S.C. § 185.  Section 515 of ERISA states, in relevant part, that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms . . . of a collectively bargained agreement shall . . . make such contributions."  29 U.S.C. § 1145.  Section 505 of ERISA gives beneficiaries and fiduciaries of benefit plans the right to bring suit for ERISA violations.  29 U.S.C. § 1132.

sufficient facts to support Defendants' liability under the "single employer," "alter ego," or "piercing the corporate veil" doctrines. Initially, the Court will, <u>sua sponte</u>, address its subject-matter jurisdiction over this action. Assuming its jurisdiction, the Court will then explain its reasons for denying the motion to dismiss.

## BACKGROUND

Plaintiffs' complaint alleges the following. On April 17, 2008, Plaintiffs obtained a judgment in the amount of $515,275.56 against AGJ Construction, LLC t/a Garden State Restoration in the United States District Court for the Eastern District of Pennsylvania before Judge Louis H. Pollak. (Compl. ¶ 1.) At issue in the case were delinquent contributions that AGJ Construction had previously agreed to remit to Plaintiffs as part of a collective bargaining agreement. (<u>Id.</u> at ¶¶ 23-24.)

Defendants LaMaina, Cisco, and Taylor (collectively, the "Individual Defendants") formed AGJ Construction, LLC between 1999 and 2003. (<u>Id.</u> at ¶ 18.) They also formed CTL Associates, LLC, AGJ Leasing, LLC, and Architectural Foam Fabricators, LLC in that same time period. (<u>Id.</u>) All four of these Defendant LLCs are "wholly owned" by the Individual Defendants. (<u>Id.</u>) CTL Associates, LLC "own[s] and manage[s] real property." (<u>Id.</u> at ¶ 19.) AGJ Leasing "own[s] and lease[s] personal property." (<u>Id.</u> at ¶ 20.) AGJ Construction "engage[s] in the construction

business in the residential and commercial construction markets of New Jersey, Pennsylvania, and Delaware." (Id. at ¶ 21.) Architectural Foam Fabricators "manufacture[s] architectural shapes out of foam or related materials for use" in construction projects. (Id. at ¶ 23.)

After the above-referenced suit was brought, the Individual Defendants created Defendants Lifetime Stucco, LLC and JAG Restoration and Construction, LLC. (Id. at ¶ 25.) The newly created LLC's "carr[ied] on portions of the same business" as AGJ Construction. (Id.) The business of AGJ Construction was "thereupon discontinued." (Id.)

Plaintiffs allege these additional relevant facts:

- CTL Associates has no employees. (Id. at ¶ 26.) CTL Associates owns 19 East Avenue, Mullica Hill, NJ 08062, the business address of all Defendants except Lifetime Stucco. (Id. at ¶ 28.) CTL Associates only executed a lease for use of the property with one other Defendant LLC. (Id. at ¶ 29.) The other Defendant LLCs "rarely" paid rent to CTL Associates, and demands for unpaid rent were never made. (Id.)

- CTL Associates made interest-free loans to the other Defendant LLCs, some of which were not repaid. (Id. at ¶ 27.) The loans were not formalized by written documents. (Id.) The Defendant LLCs used the loans for "every day operational needs," including the payment of wages and salaries. (Id.) CTL Associates never demanded or sought legal process against Defendant LLCs for unpaid loans. (Id.)

- AGJ Leasing, LLC has no employees. (Id. at ¶ 30.) AGJ Leasing used loans from CTL Associates to purchase personal property and loaned the property to Defendant LLCs and the Individual Defendants. (Id.) These loans were not documented. (Id.) In most cases, no money was paid to AGJ Leasing for use of the personal property. (Id.)

- Some of the same persons employed by AGJ Construction are employed by Lifetime Stucco and JAG Restoration and Construction.  (Id. at ¶ 31.)  Employees of one Defendant LLC will work for another without compensation.  (Id.)

- The Individual Defendants control the labor relations of the Defendant LLCs.  (Id. at ¶ 32.)

- All Defendants use the same accountant.  (Id. at ¶ 33.)

- The Defendant LLCs do not have regular partner meetings, keep meeting records, have formal by-laws or formally vote on issues of partnership governance.  (Id. at ¶ 34.)  Each of the Individual Defendants make partnership decisions without consulting the other Individual Defendants.  (Id. at ¶ 35.)

- AGJ Construction was "purposely undercapitalized, owned no real or personal property and had no other assets."  (Id. at ¶ 36.)

Plaintiffs allege, based upon the above facts, that Defendant LLCs constitute a single employer and are collectively liable for the judgment entered against AGJ Construction in 2008. (Id. at ¶ 38.)  In the alternative, Plaintiffs allege that Defendant LLCs operate as alter egos for AGJ Construction and are liable for its debts.  (Id. at ¶ 39.)  Plaintiffs also allege that the corporate veil should be pierced to hold Individual Defendants personally liable for the debts of Defendant LLCs as their conduct was "intended to perpetrate a fraud" on Plaintiffs. (Id. at 40.)

## STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts must view all allegations in the complaint in the light most favorable to the plaintiff, Jordan v. Fox, Rothschild, O'Brien

5

& Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994), and accept any and all reasonable inferences derived from the facts alleged, Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991). Based upon the face of the complaint, courts must decide if "enough facts to state a claim for relief that is plausible on its face" have been alleged. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citations omitted). In other words, courts must review the complaint to determine: (1) if it alleges genuine facts, rather than mere legal conclusions; (2) if the facts alleged (assumed to be true), as well as the reasonable inferences drawn therefrom, establish a claim; and (3) if relief based upon the facts alleged is plausible. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

## DISCUSSION

### A. Subject Matter Jurisdiction

At the outset, the Court raises, as it must, the issue of its subject-matter jurisdiction over this case. Courts have "an independent obligation to satisfy [themselves] of jurisdiction if it is in doubt." Nesbit v. Gears Unlimited,

Inc., 347 F.3d 72, 76-77 (3d Cir. 2003).  Here, the Court is concerned that it may lack subject-matter jurisdiction over this case.  Plaintiffs' complaint alleges jurisdiction under LMRA and ERISA, arguing that Defendants constitute a single employer liable for the prior judgment against AGJ Construction.  However, in Peacock v. Thomas the Supreme Court concluded that in the context of a suit to enforce a judgment, claims seeking to pierce the corporate veil in order to impose ERISA liability do not present a federal question.  Peacock v. Thomas, 516 U.S. 349, 360 (1996).  The question now arises:  If the Court lacks federal question jurisdiction over corporate veil-piercing claims, do the other theories of recovery raised in this case suffer from the same jurisdictional infirmity?

Because the Third Circuit has yet to address the ramifications of Peacock on cases like the present one, District Courts within the Third Circuit have applied Peacock with varying results. Compare Hudson County Carpenters Local Union No. 6 v. V.S.R. Constr. Corp., 127 F. Supp. 2d 565, 570 (D.N.J. 2000) (finding that Peacock prohibits federal jurisdiction over veil-piercing claim in a post-judgment ERISA/LMRA suit, but the court had supplemental jurisdiction over the claim based on Plaintiff's alter ego claims), with International Association of Heat and Frost Insulators and Asbestos Workers Local No. 14 v. A. Gallo Contractors, Inc., No. 07-2870, 2008 U.S. Dist. LEXIS 28310, *10-11 (E.D. Pa. Apr.

8, 2008) (finding that Peacock requires independent basis for jurisdiction for both alter ego and veil-piercing claims in a lawsuit attempting to recover a previous ERISA judgment). Thus, given the discord within the Third Circuit in applying Peacock, the Court, sua sponte, requests supplemental briefing from the parties to address the issue of its subject matter jurisdiction over this case.

For now, the Court assumes it has subject-matter jurisdiction and decides the motion pending before it.

### B. Three Theories of Recovery Challenged in the Motion to Dismiss

Plaintiffs' complaint raises three independent theories of recovery: the single employer doctrine, the alter-ego doctrine, and piercing the corporate veil. Each of the theories form independent bases for imputing the liability of AGJ Construction, LLC to Defendants. Defendants challenge all three theories and the Court will address each in turn.

#### 1. Single Employer Doctrine

The first basis for recovery challenged by Defendants is the "single employer" doctrine, which allows "two nominally independent enterprises" to be treated as "one integrated enterprise" for purposes of liability. NLRB v. Browning-Ferris Indus. of PA., Inc., 691 F.2d 1117, 1122 (3d Cir. 1982) (emphasis in original). The Court must decide if the complaint's averments, taken as true, plausibly establish that Defendant LLCs

are a "single employer."  Courts use four criteria to determine whether distinct entities are in fact a single employer: "interrelation of operations, common management, centralized control of labor relations, and common ownership."  Browning-Ferris Indus., 691 F.2d at 1122.  No one of these factors is controlling, though the National Labor Relations Board "'has stressed the first three factors, particularly centralized control of labor relations.'"  NLRB v. Al Bryant, Inc., 711 F.2d 543, 551 (3d Cir. 1983) (citing Radio & Television Broadcast Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc., 380 U.S. 255, 256 (1965)).  "Ultimately, single employer status depends upon all the circumstances of the case and is characterized by absence of an 'arm's length relationship found among unintegrated companies.'"  Id.  (quoting Local No. 627, International Union of Operating Engineers v. NLRB, 518 F.2d 1040, 1045-46 (D.C. Cir. 1975)).[2]

---

[2] Defendants contend that a determination of single employer status requires that "the two entities' employees also constitute a single appropriate bargaining unit."  (Defs.' Br. 6.)  On the contrary, the requirement that an appropriate bargaining unit be demonstrated has only arisen in the "double breasted" context, in which defendants are allegedly attempting to circumvent collective bargaining agreements by creating non-union companies, a violation of LMRA §§ 8(a)(1) and (5).  Compare South Prairie Const. Co. v. Local No. 627, International Union of Operating Engineers, 425 U.S. 800, 801 (1976) (discussing unit determination as it applies to a suit brought pursuant to Sections 8(a)(1) and (5)), and Stardyne, Inc. v. NLRB, 41 F.3d 141, 144 (3d Cir. 1994) (same), with Bolivar-Tees, Inc., 34 NLRB No. 70 (holding that defendants are a single employer liable for a judgment in an underlying case without discussing bargaining units). Accordingly, given that this case revolves around

9

Here, Plaintiffs adequately allege integration of operations. Plaintiffs' description of the Defendant LLCs is on par with NLRB v. Al Bryant, in which the Third Circuit found substantial integration of two companies based upon shared equipment, funds, personnel, and an office building, mostly without documentation. 711 F.2d at 551. One of the companies in Al Bryant was also characterized as an "operational shell with . . . little in the way of capital assets." Id. Plaintiffs here aver that the Defendant LLCs all share the business address owned by CTL Associates, though only one of the Defendant LLCs executed a proper lease. (Compl. ¶¶ 28-29.) Furthermore, Plaintiffs contend that the Defendant LLCs share personal property and interest free loans without written documentation or payment. (Id. at ¶¶ 27,30.) Plaintiffs also maintain that employees of one Defendant LLC will work for another without compensation. (Id. at ¶ 31.) Finally, like Al Bryant, Plaintiffs contend that AGJ Construction was undercapitalized. (Id. at ¶ 37.)

Plaintiffs also sufficiently allege centralized control of labor relations. Plaintiffs aver that labor relations in all of the Defendant LLCs are controlled by the three Individual Defendants. (Compl. ¶ 32.) Furthermore, Plaintiffs assert that employees of one Defendant LLC will work for another without compensation. (Id. at ¶ 31.) See Al Bryant, 711 F. 2d at 552

---

Defendants' liability for a prior judgment, the Court need not evaluate if there is an appropriate bargaining unit.

(finding that "the frequent interchange of craftsman" between the two companies is "substantial evidence to support" centralized labor relations control).

Lastly, Plaintiffs' complaint sufficiently alleges common ownership and management. Plaintiffs contend that Individual Defendants LaMaina, Cisco, and Taylor "wholly own" all the Defendant LLCs. (Compl. ¶¶ 18,25.) Based upon common ownership and the interrelation of operations, it can reasonably be inferred that the Defendant LLCs are also under common management.[3]

Thus, Plaintiffs have pled facts sufficient to sustain claims premised upon the "single employer" doctrine, and Defendants' motion to dismiss shall be denied as to this theory of recovery.

### 2. **Alter Ego Doctrine**

Next, Defendants challenge Plaintiffs' invocation of the "alter ego" doctrine, which holds that a "successor [company] is in reality the same employer [as its predecessor] and is subject to all the legal obligations of [the] predecessor." Stardyne, Inc. v. NLRB, 41 F.3d 141, 146 (3d Cir. 1994). "[T]he focus of the alter ego doctrine . . . is on the existence of a disguised continuance or an attempt to avoid the obligations of a collective bargaining agreement through a sham transaction or a

---

[3] In fact, Defendants concede common ownership and management in their brief. (Defs.' Br. 9.)

11

technical change in operations." Al Bryant, 711 F.2d at 553 (quoting Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 690 F.2d 489, 508 (5th Cir. 1982)).  In applying the alter ego doctrine, courts must ask if the two companies have "substantially identical management, business purpose, operation, equipment, customers, and supervision, as well as ownership." Stardyne, 41 F.3d at 146.  A plaintiff need not establish all of these factors to prove alter ego status.  Id.  Furthermore, "an intent to evade [LMRA or ERISA] is an important, but not an essential, factor."  Id. at 151.

Here, Plaintiffs' factual allegations, taken as true, satisfy a sufficient number of the alter ego factors.  It is most helpful to analyze the Defendant LLCs in two distinct groups. First, regarding Lifetime Stucco and JAG Restoration and Construction, it may reasonably be inferred from the complaint that these two LLCs share common ownership and management with AGJ Construction.  (Compl. ¶ 25.)  See Stardyne, 41 F.3d at 151 (finding alter ego where management and supervision was the same at both companies); Al Bryant, 711 F.2d at 551 (same).  Second, the complaint specifies that JAG Restoration and Construction, but not Lifetime Stucco, shares an office with AGJ Construction. (Id. at ¶ 28.)  However, Plaintiffs do contend that employees of AGJ Construction are now employed by both Lifetime Stucco and JAG Restoration and Construction.  (Id. at ¶ 31.)  See Al Bryant, 711 F.2d at 554 (finding alter ego when successor company employed

12

"substantially unchanged staff"). Finally, Plaintiffs also claim that Lifetime Stucco and JAG Restoration and Construction participate in "portions" of the same business as AGJ Construction. (Id. at ¶ 25.) Reading the complaint in the light most favorable to Plaintiffs, this allegation raises a "reasonable expectation that discovery will reveal evidence" of a shared business purpose. Phillips, 515 F.3d at 234; see, e.g., Stardyne, 41 F.3d at 151 (finding continuity of business purpose even though the successor company had a more commercial focus than the predecessor). Thus, since Plaintiffs' complaint alleges identical management, ownership, staff, and shared business purpose, it would be inappropriate to dismiss the claims premised upon the alter ego theory as applied to Lifetime Stucco and JAG Restoration and Construction.

Regarding the remaining Defendant LLCs, (CTL Associates, AGJ Leasing, and Architectural Foam) the complaint supports a finding that they too share common ownership and management with AGJ Construction. (Compl. ¶ 18.) The complaint asserts that all of the remaining Defendant LLCs share an office with AGJ Construction. See Composition Roofers Union Local No. 30 Welfare Trust Fund No. 30 Welfare Trust Fund v. Jackel Servs. Corp., No. 96-2589, 1998 U.S. Dist. LEXIS 685, *17 (E.D. Pa. Jan. 27, 1998) (finding alter ego when businesses operated out of the same location). The complaint further claims that AGJ Construction shares funds and equipment with CTL Associates and AGJ Leasing.

13

(Compl. ¶¶ 27-30.)  See Composition Roofers, 1998 U.S. Dist. LEXIS 685, *19 (finding alter ego when there was undocumented transfer of money and equipment between two companies).  Thus, Plaintiffs' complaint alleges identical ownership, management, equipment, and location regarding AGJ Leasing and CTL Associates. The complaint also claims identical ownership, management, and location regarding Architectural Foam.  Accordingly, the Court finds that these allegations are sufficient to satisfy the pleading requirements.[4]  Therefore, Defendants' motion to dismiss shall be denied as to Plaintiffs' alter ego claims.

### 3.  Piercing the Corporate Veil

Lastly, Defendants challenge Plaintiffs' claims relying upon the "corporate veil-piercing" doctrine, which is an equitable remedy that allows courts to impose liability on an individual or entity normally subject to the limited liability protections of the corporate form.  See Bd. Of Trs. v. Foodtown, Inc., 296 F.3d 164, 171 (3d Cir. 2002).  Plaintiffs' complaint, taken as true, adequately alleges cause for piercing the corporate veil of the Defendant LLCs to hold Individual Defendants, LaMaina, Cisco, and

---

[4] Defendants argue that the alter ego doctrine should not apply to those Defendant LLCs that came into existence at the same time as AGJ Construction.  The language of Stardyne does not require such a result, however.  See Stardyne, 41 F.3d at 152 ("The alter ego doctrine . . . usually comes into play when a new legal entity has replaced the predecessor.") (first emphasis added).

14

Taylor, liable for the judgment against AGJ Construction. Piercing the corporate veil requires two elements: "First there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of a separate corporate existence would sanction a fraud or promote injustice." The Mall at IV Group Props., LLC v. Roberts, No. 02-4692, 2005 U.S. Dist. LEXIS 31860, *3 (D.N.J. Dec. 8, 2005) (quoting William Meade Fletcher et al., Fletcher Cyclopedia of the Law of Private Corporations, § 41.30 (perm. ed., rev. vol. 1999)). In addressing the first element, unity of interest, courts consider six non-exhaustive factors:

> 1) gross undercapitalization; . . . 2) failure to observe corporate formalities, 3) non-payment of dividends; 4) the insolvency of the debtor corporation; siphoning of funds of the corporation by the dominant stockholder; 5) non-functioning of other officers or directors; absence of corporate records; and 6) the fact that the corporation is merely a facade for the operations of the dominant stockholder[s].

Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145, 150 (3d Cir. 1988). Regarding the second element, fraud or injustice, Plaintiffs do not have to meet the "exacting standard" of proving common law fraud, but only that the corporation "perpetuated a fraud, injustice or the like." The Mall at IV, 2009 U.S. Dist. LEXIS 2757, *10. Also, the "wrong" alleged must go "beyond simply a judgment creditor's inability to collect." Id. at *9.

Plaintiffs' allegations are sufficient, at the pleading

15

stage, to establish a claim based upon a theory of piercing the corporate veil.  To defeat this theory, Defendants rely on State Capital Title & Abstract Co. v. Pappas Bus. Serv., LLC, where the district court granted the defendant's motion to dismiss because the plaintiff failed to allege any of the six "Craig factors." No. 08-3619, 2009 U.S. Dist. LEXIS 2757, *22-23 (D.N.J. Jan. 13, 2009).  In this case, however, Plaintiffs allege a significant number of Craig factors, including undercapitalization (Compl. ¶ 36), failure to observe corporate formalities (id. at ¶ 35), and failure to keep corporate records (id. at ¶¶ 27-30).  Plaintiffs further allege that failure to pierce the corporate veil would result in the injustice of intentional evasion of a federal judgment so that workers cannot recover fringe benefits.  (Id. ¶¶ 1,37.)  Since Plaintiffs have alleged failure to observe corporate formalities, absence of corporate records, undercapitalization, and injustice, Defendants' motion to dismiss the veil-piercing claim shall be denied.  See Prime Capital Group, Inc. V. Klein, No. 07-514, 2008 U.S. Dist. LEXIS 58771, *28 (D.N.J. July 28, 2008) (denying defendant's motion to dismiss based on plaintiff's allegations of undercapitalization, insolvency, and disregard for the corporate form).[5]

---

[5] Defendants also rely on State Capital's statement that the corporate veil will only be pierced in "extraordinary circumstances" of fraud or injustice.  State Capital, 2009 U.S. Dist. LEXIS 2757, *17.  However, discovery is necessary to determine the severity of the circumstances of the present case. See also Prime Capital, 2008 U.S. Dist. LEXIS 58771 *29-30 n.14

**CONCLUSION**

For the above-stated reasons, Defendants' motion to dismiss shall be denied.  The Court requests supplemental briefing to address its subject-matter jurisdiction in this case.


Dated: July 24, 2009				s/Renée Marie Bumb
						RENÉE MARIE BUMB
						UNITED STATES DISTRICT JUDGE

---

(noting that dismissing a claim based on the severity of the circumstances is inappropriate at the 12(b)(6) stage of review).