```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
                       CAMDEN VICINAGE
```

| | |
|---|---|
| OPERATIVE PLASTERERS & CEMENT MASONS INTERNATIONAL ASSOC. LOCAL 8, ET AL<br><br>            Plaintiff,<br><br>      v.<br><br>AGJ CONSTRUCTION, LLC., ET AL<br><br>            Defendant. | Civil No. 08-6163 (RMB-JS)<br><br>**MEMORANDUM & ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon its own motion.  The plaintiffs, Operative Plasterers & Cement Masons International Association Local No. 8; Plasterers Local 8 Health and Welfare Fund; Plasterers Local 8 Pension Fund; Plasterers Local 8 Annuity Fund; Plasterers Local 8 Industry Fund; Plasterers Local 8 Joint Apprenticeship Fund; and Thomas Kilkenny, Trustee, Plasterers Local 8 Benefits Funds, (collectively, the "Plaintiffs") initiated this action in order to recover from an April 17, 2008 judgment issued by the United States District Court for the Eastern District of Pennsylvania, which held AGJ Construction, LLC t/a Garden State Restoration ("AGJ Construction" or "the judgment defendant") liable for delinquent pension contributions under ERISA and LMRA.  Since then, Plaintiffs aver, AGJ

Construction has been "discontinued" without satisfying the judgment. (Compl. ¶ 25.) Plaintiffs now bring this action seeking to enforce the judgment against AGJ Construction and various non-judgment defendants (collectively, the "Defendants"). Plaintiffs aver that the non-judgment defendants bear liability for the judgment under theories of "piercing the corporate veil," "alter-ego," and "single employer" liability.[1] In this Court's Opinion denying Defendant's Motion to Dismiss [Dkt. Ent. 23], the Court, <u>sua sponte</u>, raised the matter of its subject-matter jurisdiction over this action and ordered the parties to address the issue in supplemental briefing.

In <u>Peacock v. Thomas</u>, the Supreme Court held that although federal courts have ancillary jurisdiction to enforce their own judgments, that power does not extend "beyond attempts to execute, or to guarantee eventual executability of, a federal judgment." 516 U.S. 349, 357 (1996). Additionally, district courts do not maintain "ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability

---

[1] The Complaint, in paragraphs 4 to 12, establishes the propriety of venue in this Court because the Defendants' principal places of business are in New Jersey. <u>See</u> 28 U.S.C. §§ 1391(b)-(c) ("[A] civil action . . . not founded solely on diversity of citizenship may . . . be brought . . . in . . . a judicial district where any defendant resides, if all defendants reside in the same State . . . . [A] corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced . . . .").

for a money judgment on a person not otherwise liable for the judgment." Id. at 351.

The Third Circuit recently clarified Peacock in Gambone v. Lite Rock Drywall, 288 F. App'x 9 (3d Cir. 2008). Gambone held that a federal court's supplemental jurisdiction "does not extend to suits demanding that a third party use its legitimately held assets to satisfy a previously rendered judgment." Id. at 12. Instead, district courts can exercise "ancillary jurisdiction over suits involving assets already subject to judgment," including claims of fraudulent transfer, where the judgment defendant shifts assets to third parties in order to avoid paying the judgment.[2] Id.[3]

---

[2] Before Gambone, some district courts had held that enforcement actions establishing the liability of a non-judgment entity on an "alter ego" theory were distinguishable from, and thus not subject to, the Peacock rule. See, e.g., Int'l Assoc. of Heat and Frost Insulators & Asbestos Workers Local No. 14 v. A. Gallo Contractors, Inc., No. 07-2870, 2008 U.S. Dist. LEXIS 28310 (E.D. Pa. Apr. 8, 2008); Hudson County Carpenters Union v. V.S.R. Construction Corp., 127 F. Supp. 2d 565 (D.N.J. 2000). The Third Circuit rejected that interpretation in Gambone.

[3] See also Epperson v. Entm't Express, Inc., 242 F.3d 100, 107 (2d Cir. 2001) (holding that a district court maintains subject-matter jurisdiction where a plaintiff claims that the original defendant made fraudulent conveyances to "alter ego" owners in order to avoid judgment); USI Properties Corp. v. M.D. Const. Co., 230 F.3d 489, 497 (1st Cir. 2000) (ruling that "proceedings can reach third parties so long as it is necessary to reach assets of the judgment debtor under the control of the third party in order to satisfy the original judgment and thereby guarantee its eventual executability"); Thomas Head & Greisen Employees Trust, 95 F.3d 1449, 1455 (9th Cir. 1996) (holding that the district court properly exercised ancillary jurisdiction over a supplementary proceeding to set aside fraudulent conveyances

Here, the Court has subject-matter jurisdiction over this action to the extent it seeks to recover assets already subject to the judgment issued in the Eastern District of Pennsylvania. Although the Complaint does not expressly allege a "fraudulent transfer", like in Gambone, discovery may reveal that the judgment defendant had a "pattern of transferring assets for no value," in an attempt to "thwart" Plaintiffs' recovery. See Gambone, 288 F. App'x at 10. Accordingly, this Court maintains supplemental subject-matter jurisdiction because Plaintiffs seek illegitimately held assets traced to the original $515,275.56 judgment. (Compl. ¶¶ 1, 27, 36.) However, because Gambone specifically prohibits supplemental jurisdiction over separate actions imposing new theories of liability, including "alter-ego," "veil-piercing," and "single employer," all further proceedings in this case shall be limited to Plaintiff's allegations that AGJ Construction divested its assets, or otherwise avoided payment on the judgment, by transferring assets to Defendants or otherwise concealing said assets. See Gambone, 288 F. App'x at 12.

Accordingly, **IT IS** on this, the **30th** day of **October 2009**, hereby

**ORDERED** that the Court shall **RETAIN JURISDICTION** over this

---

made both before and after the original judgment by the judgment party's fiduciary to a cohort third party to avoid judgment).

action to the extent set forth herein.

                                       s/Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       UNITED STATES DISTRICT JUDGE